## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

NELSON MARIN,

     Plaintiff,

-vs-

     Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; COMENITY CAPITAL BANK; and
LVNV FUNDING LLC,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, NELSON MARIN (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); COMENITY CAPITAL BANK (hereinafter "Comenity"); and LVNV FUNDING LLC (hereinafter "LVNV") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, *Supervisory Highlights Consumer Reporting Special Edition* 21 (Issue 14, March 2, 2017).

## **JURISDICTION AND VENUE**

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Miami-Dade County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

3

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Comenity is an FDIC insured state-chartered bank headquartered at 12921 S. Vista Station Boulevard in Draper, Utah 84020.

20.     Comenity is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

4

21.     Comenity furnished information about Plaintiff to the CRAs that was inaccurate.

22.     LVNV is a corporation with its principal place of business in the State of South Carolina and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

23.     LVNV is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     LVNV furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

25.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to him.

26.     Upon information and belief, Plaintiff is a victim of identity theft.

27.     In or about the Summer of 2024, Plaintiff became of erroneous accounts appearing in his credit file which did not belong to him.

28.     In or about September 2024, Plaintiff contacted Experian to dispute the following erroneous accounts which did not belong to him.

      i.     Comenity/Alphaeon, partial account number ending in x5354, with a status of closed and written off balance of $3,700 (hereinafter "Comenity/Alphaeon Account"); and

5

ii.     LVNV, partial account number 007788*, on behalf of original creditor Comenity, with a status of collection and balance of $3,700 (hereinafter "LVNV Account").

29.     On or about October 3, 2024, Plaintiff received dispute results from Experian which stated the Comenity/Alphaeon Account was updated, and the LVNV Account was verified and updated.

30.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

31.     Experian never attempted to contact Plaintiff during the alleged investigation.

32.     Upon information and belief, Experian notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

33.     Upon information and belief, Experian notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

34.     On or about December 5, 2024, Plaintiff obtained copies of his credit reports from the CRAs. Upon review, Plaintiff observed hard inquiries and an address

in South Carolina which did not belong to him. Plaintiff has always lived in the State of Florida.

35.     Further, Plaintiff observed the following erroneous accounts in his credit reports which did not belong to him.

    i.    Comenity/Victoria Secret, partial account number ending in x8989, with a balance of $347 and status of 30 days past due in January 2024 (hereinafter "Comenity/Victoria Account");

    ii.    Comenity/Alphaeon Account with a status of charge off in the amount of $3,700;

    iii.    Nissan-Infiniti LT, partial account number ending in x6707, with a status of closed (hereinafter "Nissan Account"); and

    iv.    LVNV Account, with a status of collection and balance of $3,700.

36.     On or about December 5, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 180876826. In this report, he explained that he was a victim of identity theft and that the aforementioned accounts listed in his credit report did not belong to him.

37.     On or about December 5, 2024, Plaintiff submitted online disputes to the CRAs regarding the aforementioned erroneous accounts.

38.     On or about December 13, 2024, Plaintiff received dispute results from Experian which stated "refer to your credit report". Upon review, Plaintiff observed Comenity/Alphaeon Account, Comenity/Victoria Account, and Nissan Account all

continued to be reported. To his relief, the LVNV Report was no longer appearing in his Experian credit report.

39.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

40.     Experian never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Experian notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

42.     On or about December 25, 2024, Plaintiff receive dispute results from Trans Union which stated Comenity/Alphaeon Account was verified as accurate.

43.     Further, on or about January 2, 2025, Plaintiff obtained an updated copy of his Trans Union credit report and observed Comenity/Alphaeon Account, Comenity/Victoria Account, and Nissan Account all continued to be reported. To his relief, the LVNV Account was no longer appearing in his Trans Union credit report.

44.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

45.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

8

46.     Upon information and belief, Trans Union notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

47.     Plaintiff did not receive dispute results from Equifax. However, upon review of his updated Equifax credit report on or about January 2, 2025, Plaintiff observed Comenity/Alphaeon Account, Comenity/Victoria Account, and Nissan Account all continued to be reported. To his relief, the LVNV Account was no longer appearing in his Equifax credit report.

48.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

49.     Equifax never attempted to contact Plaintiff during the alleged investigation.

50.     Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

51.     Due to the inaccurate reporting, on or about January 3, 2025, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff advised there were hard inquiries and address appearing in his credit file which were inaccurate and did not belong to him. Further, Plaintiff advised he was a victim of identity theft and that

the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

52.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1161 0931 67), Experian (9589 0710 5270 1161 0931 43), and Trans Union (9589 0710 5270 1161 0931 50).

53.    On or about January 23, 2025, Plaintiff received a response from Equifax which stated it would not be blocking the requested information. Further, Plaintiff received a second response from Equifax request proof of identification despite Plaintiff providing images of his driver's license and Social Security card in the dispute letter.

54.    On or about January 28, 2025, Plaintiff received dispute results from Trans Union which stated the Comenity/Alphaeon Account was verified as accurate.

55.    Plaintiff did not receive any other dispute results from Trans Union. However, on or about February 18, 2025, Plaintiff obtained an updated copy of his Trans Union credit report and observed Comenity/Alphaeon Account, Comenity/Victoria Account, and Nissan Account all continued to be reported.

56.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

57.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

10

58.     Upon information and belief, Trans Union notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

59.     Despite confirmation of delivery on January 20, 2025, Plaintiff did not receive dispute results in the mail from Equifax. However, on or about February 18, 2025, Plaintiff obtained updated copies of his Equifax credit report and observed Comenity/Alphaeon Account, Comenity/Victoria Account, and Nissan Account all continued to be reported.

60.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

61.     Equifax never attempted to contact Plaintiff during the alleged investigation.

62.     Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

63.     Despite confirmation of delivery on January 8, 2025, Plaintiff did not receive dispute results in the mail from Experian. However, on or about February 18, 2025, Plaintiff obtained updated copies of his Experian credit report and observed

Comenity/Alphaeon Account, Comenity/Victoria Account, and Nissan Account all continued to be reported.

64.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

65.     Experian never attempted to contact Plaintiff during the alleged investigation.

66.     Upon information and belief, Experian notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

67.     Due to the continued inaccurate reporting, on or about February 19, 2025, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff reiterated there were hard inquiries and address appearing in his credit file which were inaccurate and did not belong to him. Further, Plaintiff explained again he was a victim of identity theft and that the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

68.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0119 3429 20), Experian (9589 0710 5270 0119 3429 13), and Trans Union (9589 0710 5270 0119 3429 37).

69.     As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs regarding his second detailed dispute letter.

70.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

71.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

72.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

73.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

   iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

   iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

74.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

75.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76.     Equifax allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

77.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

78.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

79.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

80.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

81.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

84.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

85.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

86.     Equifax allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

87.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

88.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

89.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

90.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

91.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

92.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

93.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

94.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

95.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing

to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

96.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

97.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

98.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

100.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION

SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

101.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

102.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

103.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

104.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

19

105.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

107.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

109.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

110.   Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

111.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

112.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

113.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

114.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

115.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

116.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

117.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

118.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

119.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

120.    Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

22

121.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

122.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

123.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

124.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

125.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

127.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

128.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

129.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

130.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

24

131.    Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

132.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

134.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

135.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

136.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

137.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

138.    Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

139.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

26

140.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

141.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

142.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

143.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

144.   Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

145.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

146.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

147.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

148.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

149.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

151.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

152.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

153.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

154.    Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

155.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

156.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

157.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

158.    Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

159.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

160.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

161.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

162.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

163.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

164.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

165.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

166.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

167.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

168.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

169.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

170.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing

32

to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

171.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

172.    Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

173.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

174.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

175.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Comenity Capital Bank (Negligent)

176.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

177.    Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

178.    After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179.    Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the accounts were erroneous.

180.    Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

181.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

182.   As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

183.   The conduct, action, and inaction of Comenity was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

184.   Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual damages against Defendant, COMENITY CAPITAL BANK;

35

jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoiner from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Comenity Capital Bank (Willful)**

185.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

186.   Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

187.   After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

188.   Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the accounts were erroneous.

189.   Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with his disputes

36

of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

190.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

191.   As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

192.   The conduct, action, and inaction of Comenity was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

193.   Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, COMENITY CAPITAL BANK; award Plaintiff his attorney's fees and costs; award

pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, LVNV Funding LLC (Negligent)

194.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

195.    LVNV furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

196.    After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

197.    Plaintiff provided all the relevant information and documents necessary for LVNV to have identified that the account was erroneous.

198.    LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not

38

review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

199. LVNV violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

200. As a direct result of this conduct, action, and/or inaction of LVNV, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

201. The conduct, action, and inaction of LVNV was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

202. Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual damages against Defendant, LVNV FUNDING LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, LVNV Funding LLC (Willful)

203.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

204.    LVNV furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

205.    After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

206.    Plaintiff provided all the relevant information and documents necessary for LVNV to have identified that the account was erroneous.

207.    LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would

attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

208.   LVNV violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

209.   As a direct result of this conduct, action, and/or inaction of LVNV, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

210.   The conduct, action, and inaction of LVNV was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

211.   Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LVNV FUNDING LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, NELSON MARIN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; COMENITY CAPITAL BANK; and LVNV FUNDING LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 20th day of February 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672

Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**_/s/ Jessica C. Berger, Esq._**
Jessica C. Berger, Esq.
Florida Bar No.: 10507738
The Consumer Lawyers PLLC
501 E Kennedy Blvd Ste 610
Tampa FL, 33602
Telephone: 656.227.2532
Facsimile: 844.951.3933
Jessica@theconsumerlawyers.com
*Attorneys for Plaintiff*